July 18, 2020

Clerk of Court
U.S. District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria, VA 22314-5798

RECEIVED MAILROOM
JUL 22 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Re: Copy of current Docket sheet
Brian Patrick Regan
Case No. 1:01 cv 05

Dear Clerk of Court:

Please send me a current docket sheet in united states v. Brian Regan, Case No. 1:01cv05.

Thank you for your assistance.

most Sincerely,

Brian Patrick Regan
# 41051-083
Federal Correctional Inst. - Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

July 14, 2020

Clerk's office
U.S. District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria, VA 22314-5798

    Re: <u>United States v. Brian Regan</u>
        Case No. 1:01-cr-05

Dear Clerk of Court:

    Thank you for your letter of April 23, 2020. Further, thank you for enclosing Judge O'Grady's order describing his efforts at obtaining a transcript of the March 20, 2003 sentencing hearing.[1]

    Notwithstanding, the above, I have some serious concerns regarding the accuracy of the transcript from the sentencing hearing which occurred over 17 years previously. I will discuss below.

    Approximately 1 and ½ years ago, I received a visit from the "Agency." The

---

[1] I do intend to argue on my soon-to-be filed, based on changes in the legal landscape since 2003, post-conviction relief claim that I could not waive my right to pursue an ineffective assistance of counsel claim.

1 of 7

issue of my then-pending request for transcripts was brought up by them. I, much to my regret, advised them of the issue I intended to pursue on a post-conviction relief claim. Now, I received the transcript approximately 1 and 1/2 years later, all of the parts containing the language which supports the issue I intended to pursue are apparently simply not there or are altered.

I recognize this is a rather unusual claim. But, frankly, my case is not the run-of-the-mill case. I do not know if this has occurred mischievously or accidentally. Nonetheless, the result is the same.

There is a rather long list which illustrates the basis of my claim as to the transcript's accuracy. The following comprises, some but not all, of the points in the transcript which support my claim:

> THE COURT: And how many times did you meet with your lawyers about this sentencing agreement?
>
> THE DEFENDANT: Three times.
>
> (Tr. Page 5). [This is not correct as I only met with the lawyers one time about the sentencing agreement.]

2 of 7

THE COURT: So, basically what this means is your wife has agreed to provide truthful information to the government and to cooperate with the government and to continue that, and as long as she has done that within the satisfaction of the government, then the government will not seek to forfeit the equivalence of that spousal survivor annuity. Do you understand that?

THE DEFENDANT: Yes.

(Tr. Page 9). [I have no recollection of this being said.]

...

THE COURT: And obviously the Court does not have any control over your wife....

(Tr. Page 10). [When I received the sentencing agreement, I have no recollection of my wife' pending prosecution being mentioned in the agreement.]

...

3 of 7

THE COURT: ... but the government here is not promising to you or telling you that they're going to come back to court at any future time seeking any reduction in your sentence because of the cooperation you offer here. Do you understand that?

THE DEFENDANT: Yes.

(TV. Page 11) [ I have no recollection of this being said. ]

. . .

THE DEFENDANT: I'm doing it [entering the agreement] to protect my wife and children.

THE COURT: You understand the terms of this agreement are that if I accept it, that I'm going to impose a sentence of life and that will be the end of your case? Do you understand that?

(TV. Page 14) [ I do not have any recollection of this being said. ]

. . .

4 of 7

THE DEFENDANT: Yes. If it wasn't that they were going to prosecute my wife, I wouldn't, but they are, so I must.

(Tr. page 19). [This is not what I said.]

. . .

THE DEFENDANT: Yes, Your Honor.

(Tr. page 20) [I refer to the court as "Yes sir," but I do not use the term "Your Honor."]

. . .

THE COURT: ... I'm persuaded it [your actions] caused some harm, perhaps it did not cause the death of some individuals as other espionage cases in this Court have, but it certainly caused some, and there's no doubt that your attempted espionage put our nation's intelligence gathering at risk and put our intelligence collection at risk. (Tr. page 21) [I do not recall this being said at all.]

5 of 7

As you can observe from the aforementioned specific examples, I have reason to believe the transcript is not accurate. My ability to confirm my belief is further handicapped from the special administrative measures to which I continue to be subject. In particular, I am not able to contact the media to obtain a copy of what was reported as said at the sentencing. Moreover, I am presently on a COVID-19 quarantine which precludes my access to legal research materials.

I have attempted to find out the correct procedures to challenge the accuracy of a transcription (e.g. motion to court, writ from Court of Appeals). However, I have not been able to do so. Consequently, I decided to write to you as the experts on court procedure. <u>Please advise me</u> as to the correct procedure to challenge or obtain an independent review of the tapes from the March 20, 2003 sentencing.

6 of 7

I look forward to hearing from you.

Most Sincerely,

*Brian P Regan*
Brian Regan
# 41051-083
Federal Correctional Institution-
Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

7 of 7

Brian Regan
Inmate No. 41051-083
Federal Correctional Institution-
Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

LEGAL MAIL

PITTSBURGH PA 150
20 JUL 2020 PM 5 L

TO: Clerks office
U.S. District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria Virginia
22314-5798

22314-575999