# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> BRIAN P. REGAN, ) <br> ) <br> *Defendant*. ) <br> ) | Case No. 1:01-cr-00405 <br> Hon. Liam O'Grady |

## ORDER

Before the Court is Defendant Brian Patrick Regan's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt 367. For the following reasons, Mr. Regan's motion is **DENIED**.

### I. BACKGROUND

While serving as an Air Force intelligence analyst assigned to the National Reconnaissance Office, Mr. Regan "collected Top Secret national defense information, which he passed and attempted to pass to the foreign intelligence services of Iraq, Libya, and China, in exchange for a payment of $13 million dollars." Dkt. 371, at 2 (citing Dkt. 370, at 3, ¶ 2). Following a 2003 jury trial, Mr. Regan was found guilty of two counts of Attempted Espionage in violation of 18 U.S.C. § 794(a) and one count of Gathering National Defense Information in violation of 18 U.S.C. § 793(b). Dkt. 370, at 3, ¶ 3. After the Jury rendered its verdict, the matter was continued to May 9, 2003 for sentencing. *Id.* ¶ 4. Thereafter, in March 2003, "the Defendant and the Government entered into a written sentencing agreement," under which the parties agreed that a sentence of life imprisonment was warranted. *Id.* at 3–4, ¶ 6. Pursuant to this agreement, Mr. Regan pleaded guilty and waived his right to appeal his conviction and sentence in exchange for the Government's offer "to award Mr. Regan's wife a military

survivor's pension[.]" *Id.* at 4; *see also* Dkt. 367, at 16.

On August 31, 2020, Mr. Regan filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government filed its opposition on September 14, 2020, Dkt. 371, and Mr. Regan filed a reply on October 1, 2020, Dkt. 372. Mr. Regan thereafter supplemented his reply and filed several letters and declarations with the Court in support of his motion. *See, e.g.*, Dkts. 373, 375, 376, 377, 378, 379, 380. The matter is now fully briefed and ripe for review.

## II. LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) provides:

[T]he court ... upon motion of the defendant after the defendant has fully exhausted all administrative [remedies] ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3141(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Fourth Circuit has acknowledged that, consistent with this statutory scheme, "district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2020)) (emphasis in original). Yet, an open question exists as to the exact quantum of persuasive weight courts must afford to the specific "extraordinary and compelling reasons for release" set forth in the now non-binding policy

2

statement promulgated by the U.S. Sentencing Commission pursuant to Section 3582(c)(1)(A) prior to the First Step Act's passage in 2018. *See* 981 F.3d at 281–83 & n.7 (citing U.S.S.G. § 1B1.13 & cmt. n.1). The Fourth Circuit has recognized that U.S.S.G. § 1B1.13 "remains helpful guidance" for evaluating motions filed by Defendants, *id.* at 282 n.7, and its courts have continued to reference U.S.S.G. § 1B1.13 as a lodestar in ruling on compassionate release motions. *See, e.g., United States v. Trotman*, 2020 WL 7392287, *2 (4th Cir. Dec. 17, 2020) (per curiam); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam); *United States v. Nabaya*, 2021 WL 54361, at *6 (E.D. Va. Jan. 6, 2021); *United States v. Prater*, 2021 WL 54364, at *3 (E.D. Va. Jan. 6, 2021); *United States v. Perkins*, 2020 WL 7364222, at *2 (E.D. Va. Dec. 15, 2020). The Fourth Circuit has also explained that compassionate release is reserved for "truly exceptional cases" where Defendants can meet a "heightened standard" of entitlement to relief. *McCoy*, 981 F.3d at 287–88. Defendants bear the burden of making the requisite showing. *See United States v. Weaver*, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020).

Against this legal backdrop, the Court assesses Mr. Regan's motion for compassionate release by evaluating whether "extraordinary and compelling reasons" exist that warrant a reduction to his sentence, and "whether the factors in 18 U.S.C. § 3553(a) would allow" for such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Provost*, 2020 WL 4274570, at *3 (E.D. Va. July 24, 2020).

### III. DISCUSSION

Mr. Regan cannot demonstrate an extraordinary and compelling reason warranting a reduction to his sentence under 18 U.S.C. § 3582(c)(l)(A). Even if he could, a reduction to his sentence would not be consistent with the factors set forth in 18 U.S.C. § 3553(a).

### a. Extraordinary and Compelling Reasons

The compassionate release statute authorizes a reduction to a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The commentary accompanying the relevant non-binding U.S. Sentencing Commission policy statement makes clear that "medical conditions can, alone, prove sufficiently extraordinary and compelling to justify a sentence modification." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). Still, U.S. Sentencing Guideline § 1B1.13 cmt. n.1(A), on which Defendant relies, indicates that such a medical condition must be serious enough to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility[.]" *Id.*

Courts have accordingly held that the COVID-19 pandemic, standing alone, does not entitle Defendants to compassionate release. *See, e.g., United States v. Thompson*, 2021 WL 37493, at *3 (5th Cir. Jan. 5, 2021); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020); *Feiling*, 453 F. Supp. 3d at 842. Rather, a Defendant must demonstrate (1) particularized susceptibility to a serious medical condition as a result of contracting COVID-19, and (2) a particularized risk of contracting the disease at his prison facility. *See United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020); *United States v. Blevins*, 832 F. App'x 192 (4th Cir. 2020).

Even assuming *arguendo* that the combination of common maladies that afflict Mr. Regan render him particularly susceptible to a serious medical condition if he contracts COVID-19, *see* Dkt. 367, at 9–10, Mr. Regan cannot demonstrate a meaningful particularized risk of contracting the disease at his facility, *see Adamson*, 831 F. App'x at 83. He animates the particularized risks of COVID-19 contraction at his facility in his various filings. *See, e.g.*, Dkt.

4

372, at 5–6, 11; Dkt. 373, at 1–2; Dkt. 375, at 3–4; Dkt. 377, at 1–2; Dkt. 378, at 1–2; Dkt. 379, at 1–3. But when the Government filed its opposition, Mr. Regan's place of incarceration, FCI Hazelton, had zero inmates testing positive out of a population of 1141. Transmission has ebbed and flowed during the pendency of his motion, *see, e.g.*, Dkt. 378, at 1–2, but official Bureau of Prisons ("BOP") statistics now report only two inmates testing positive at the facility. *See* Federal Bureau of Prisons, COVID-19 Cases (Feb. 16, 2021), https://www.bop.gov/coronavirus/. The BOP has also administered over 47,000 doses of the COVID-19 vaccine to date. *Id.* The Court therefore finds that Mr. Regan cannot show particularized susceptibility to the virus at FCI Hazelton.

### b. The 18 U.S.C. § 3553(a) Factors

Even if Mr. Regan could demonstrate an extraordinary and compelling reason warranting a reduction to his sentence, Section 3553(a) would not accommodate a reduction. *See* 18 U.S.C. § 3582(c)(l)(A). While the Court commends Mr. Regan's selection for the honor dormitory at FCI Hazelton, Dkt. 367, at 15, and finds that his conviction and sentence will specifically deter him from performing acts of espionage against the United States in the future, the Court does not agree with Defendant's contention that "general[] deterrence of similar wrongful conduct was accomplished at the time of his sentencing on March 20, 2003." Dkt. 367, at 16. Mr. Regan implies that only a pandemic can warrant compassionate release. *See id* ("No reasonable person contemplating [my criminal] conduct would gamble that another pandemic might arise and give him or her the opportunity to petition for compassionate release."). His contention overlooks the plain language of the U.S. Sentencing Commission's non-binding policy statement, U.S.S.G. § 1B1.13 cmt. n.1, as well as the Fourth Circuit's guidance that "district courts are 'empowered .

. . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy,* 981 F.3d at 284 (emphasis added).

Mr. Regan took an oath of loyalty to the United States and was entrusted with highly classified national intelligence. He betrayed his oath and attempted to compromise our defense systems and national security for his own financial gain. *See* Dkt. 370, at 3. He was offered a plea, but instead chose to put the Government to its burden of proof. Dkt. 372, at 13. After he was convicted by a jury of his peers, he negotiated a post-conviction plea deal, under which the Government agreed to award his wife a military survivor's pension in exchange for his agreement to serve a life sentence. Dkt. 370, at 3–4, 6. Now, Mr. Regan asks the Court to afford him the benefits of his bargain without the burdens. Granting his motion for compassionate release under these circumstances would not adequately account for the seriousness of his offense, 18 U.S.C. §§ 3553(a)(1), (2)(A), nor would it result in sufficient general deterrence to individuals that may unfortunately contemplate the exploitation of their positions of national trust for personal benefit. *See id* § 3553(a)(2)(B). The Section 3553(a) factors do not support a reduction to his sentence.

## IV. CONCLUSION

For the reasons set forth above, Mr. Regan's motion for compassionate release (Dkt. 367) is **DENIED WITH PREJUDICE**. The clerk is **DIRECTED** to send a copy of this Order to the Defendant.

It is **SO ORDERED**.

February 22, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge